### PROOF REQUIRED TO SET ASIDE DEED.

Common Pleas Court of Licking County.

FOSTER ET AL V. LONG ET AL.

Decided, September Term, 1908.

*Deeds—Undue Influence in Procuring Execution of—Mental Capacity where the Grantors are Aged and Helpless—Behavior of Grantees to whom Property was Conveyed in Consideration of Care and Support—Inadequacy of Consideration not Material, When.*

1. The clear and convincing proof, required by the 75th Ohio State, 291, of undue influence in procuring the execution of a deed, is not afforded in the case of aged and infirm persons, who conveyed their property in consideration of care and support, by the mere fact that the grantees, who were giving the grantors all needful attention and support in consideration for the conveyance, did not permit friends of the old people to see them alone.

2. Lack of mental capacity to enter into a contract and make a deed is not shown, where the grantors evidently understood the transaction they were entering into, and explained their reasons for so doing, and designated as the trustee to hold the deed in escrow an old and trusted friend and agent, and in other respects behaved in a rational manner, and were without children or direct heirs.

3. In such a case the fact that the value of the property conveyed was in excess of the value of the services rendered is not material, in the absence of any showing of fraud or unfair treatment.

*B. F. McDonald* and *Kibler & Montgomery,* for plaintiff.
*Norpell & Norpell* and *Flory & Flory,* contra.

MANSFIELD, J.

This is an action to set aside a deed, conveying property described in the petition, purporting to be executed and delivered by one Dr. Vail to the defendants, Mary A. Long and her husband, Charles L. H. Long, on the 29th day of November, 1904.

The grantor being dead, the action is brought by plaintiffs as heirs at law, the other heirs at law being made parties defendant. Two grounds are claimed in the petition to warrant the relief prayed for:

1st. Undue influence of the grantees upon the grantor at and prior to the time the deed was executed.

2d. That grantor did not have mental capacity, at the time the same were made, to execute an instrument of that character or importance.

The answer, after making certain admissions as to the death of grantor, Dr. Vail, his ownership of the property in question, prior to the making of the deed, and that Dr. Vail and wife, at and prior to the time the deed was signed, were somewhat physically infirm, denies each and every other allegation of the petition not specifically admitted to be true. The defendant further answers that the deed was executed in pursuance of a certain contract, the consideration of which was that the defendants, Mary Long and her husband, were to receive the real estate in question, and decedent agreed to deed it to said defendants for support therefore rendered and to be rendered during the balance of the life of Dr. Vail and his wife.

Under the rule laid down in the 75 O. S., page 291, case of *Willis* v. *Baker, Gdn.,* the burden of proof is upon the plaintiff to sustain either one of the grounds set forth in the petition by clear and convincing proof. Mere preponderance of the evidence is not sufficient, when it appears that the deed was duly executed and acknowledged in the manner and form prescribed by the statute.

In the case at bar the deed upon its face appears to have been duly executed and acknowledged as required by statute, so that the high degree of proof named in the 75 O. S. case is upon the plaintiff to sustain their contention, that either the execution or signing of the deed was brought about by the undue influence

of defendants, Mary A. Long and her husband, Chas. L. H.
Long, or that the decedent, Dr. Vail, at the time the deed was
executed, did not have sufficient mental capacity to execute an
instrument of that important character.

It is clear to the court that on the proposition of ''undue in-
fluence'' the testimony and circumstances are not sufficient to
sustain the plaintiff's contention on that question; that if the
rule required a mere preponderance and not clear and convinc-
ing proof, there would not be the quantum of evidence in the
record that would warrant the sustaining of plaintiff's case on
that theory.

It is not disputed that for some time before the doctor and
his wife went to live at the home of defendants, that because of
physical infirmities they were not able to properly take care of
themselves, and that neighbors and friends advised them that
other means should be provided, and that the attention of the
Longs, who were distantly related to the old doctor and his
wife, was called to their deplorable condition, and it was sug-
gested to them that they should render some care and give them
attention; that soon after the Longs removed them to their
home, and up until the death of both gave them the best of
care and treatment. Up to this time there is no act of said de-
fendants which could be considered otherwise than consistent
with an honest purpose and desire to relieve these old people
from their distress, and at least temporarily provide for them.
After they had been installed in the home of defendants there
is some testimony tending to show that defendants did not de-
sire the old doctor and his wife to be left alone when callers
would call on them at the house, and that Mrs. Long was to be
notified on such occasions. This testimony was principally fur-
nished by a domestic employed in the Long family at the time.
Mrs. Long denies specifically any such instructions, and upon
the whole testimony, her testimony on that subject appears to
be as consistent as that of the other. But granting that Mrs.
Long is wrong and the girl is correct, in the absence of other tes-
timony or circumstances, it would not be sufficient to warrant a
conclusion of undue influence. It is in evidence that valuable
services had at this time been rendered by said defendants in

providing the old people with a good home and giving them such care and attention and support as they required, and there is no complaint that it was not needful, nor that anything required for their support and comfort was denied to them, so that no presumption could arise of undue influence from the fact, if it really did exist, that the Longs did not, under the circumstances, permit friends to see the old people without the presence of one of defendants.

Upon the second proposition the court thinks plaintiff must fail. A great many witnesses were examined as to the mental capacity of Dr. Vail at and prior to the time of executing the deeds in question. The attorney who drew the contract and deeds testified as to his mental capacity and says that he understood the transaction, that he told him what his property consisted of, the reason why he desired to enter into the contract and make the deed, and designated the trustee to hold the deed in escrow. This trustee was his trusted agent and advisor. All the circumstances, if the testimony is to be believed, are the acts of the rational mind of a man who is about to transact business of that important character. That the evidence of Mr. Black is in accordance with the trust is brought out by other circumstances, among which is the fact that defendants were absent at the time of talk between Black and doctor and his wife, that these old people's surroundings had been greatly improved, that both the doctor and his wife seemed to appreciate the nearing of the end, and that they had no children or direct heirs, that the final carrying out of the arrangement for their protection was left to their trusted advisor and agent, who for a long time prior to the death of the doctor had knowledge of the existence of the deed and contract, and whose motive and honesty or fidelity to any trust that had been placed in his hands had never been questioned. All these circumstances and many others that might be mentioned corroborate the testimony of Mr. Black.

Independent, however, of Mr. Black's testimony, the court is of the opinion that the plaintiffs have failed to establish the mental incapacity of Dr. Vail at the time of the execution of the deed and contract by clear and convincing evidence. In fact upon the whole case, I am strongly inclined to the opinion

that the defendants have sustained the mental capacity of Dr. Vail by a preponderance, and in making this statement I am not unmindful of the rule of law, that a greater degree of capacity is required to execute a contract or deed than in making a will, although it might be said, taking into consideration that contemporaneous with the making of the contract and deed the doctor disposed of the balance of his property, the execution of the deed and contract, under the circumstances, partook of and was in the nature of a testamentary disposition of property.

Upon the question of his mental capacity, some sixteen witnesses testified for plaintiff, and twenty-six for defendants, covering a period of time concerning various transactions, talks and observations of about two years prior to his death. That the doctor and his wife for several months before they were taken to the Longs were physically infirm, there can not be any contention. That their condition by reason of such infirmities was pitiful can not be questioned, and that their mental temperament during such time might be and was affected somewhat, can be gleaned from the testimony of the witnesses and the circumstances surounding these old people during that time. And yet the testimony discloses many instances during this period when their suffering was perhaps the worst and physical condition most deplorable, that the doctor transacted some items of business, sufficient to indicate that at least a part of the time, and with reference to specific instances, he could and did comprehend such ordinary transactions.

John L. Haven, one of the witnesses for plaintiffs, and who had acted as advisor of the old doctor in many business matters, and looked to a certain extent after certain investments and the collection of interest, and who came in contact with him in a business way perhaps oftener than other persons, testifies that although his physical condition was bad for probably a year before he came over to town, his "mental faculties appeared to be good until almost the last," that all the witnesses could notice "was a shortness of memory" (which is not unusual in men of that age, but which does not necessarily signify a weakening of the will power or lack of comprehension of an important business transaction),

Again, neighbors and friends who called upon the old doctor after he and Mrs. Vail came to live with the Longs, up to a few days before his death, testify to holding conversation with him and discussing the ordinary topics of the day, and moreover instances are cited by disinterested witnesses, at or about the time the deed and contract were executed, of intelligent talks had with the doctor on current events, and these witnesses, old friends and neighbors, say he was up to the standard of the average man of his age.

There are perhaps many circumstances and instances that are of considerable weight, tending to sustain the contention of plaintiffs, but it is clear to the court that; under the rule of law announced in the first instance, that the proof must be clear and convincing before the deed in question can be held void and set aside, that plaintiffs have not produced that high degree of proof; rather it seems to me, upon the question of mental capacity, the testimony of defendants predominate.

With the determination of the case, upon the grounds mentioned, the value of the property conveyed as compared with the value of the services rendered under the contract is of no importance. Inadequacy, if shown; of the consideration of a deed may become important when the circumstances, which, taken in connection with such inadequacy, clearly indicates that a fraud was perpetuated; but when in a case like the present, the contention of the plaintiff is overcome by evidence of the defendants that Dr. Vail had mental capacity to make the deed in question, it has no application.

It is therefore ordered that plaintiff's petition be dismissed and judgment for costs be ordered against them.